# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **Ashley T. Adams,** | : |
| | : |
| **Plaintiff,** | : |
| | : |
| v. | : |
| | : |
| **Integrity Staffing** | : |
| **aka Pepper Hamilton, LLP** | : |
| **Dawn Harper, et al.,** | : Civil Action No. 05-249 (KAJ) |
| | : |
| **Randstad Staffing Services,** | : |
| **Woman of India nationality, et al.,** | : FILED ELECTRONICALLY |
| | : |
| **JP Morgan Chase Bank One,** | : |
| **Cheryl Denneny, et al.,** | : |
| | : |
| **Ernest & Young,** | : |
| **Scott Gallagher, et al.,** | : |
| | : |
| **Defendants.** | : |

### ANSWER OF DEFENDANT, JPMORGAN CHASE BANK, TO PLAINTIFF'S COMPLAINT

Defendant, JPMorgan Chase Bank (incorrectly identified in the Complaint as "JP Morgan Chase Bank One") ("JPMorgan" or "Defendant"), by its attorneys, responds to the numbered paragraphs of Plaintiff's Complaint as follows:

1.  Denied. The averments set forth in paragraph 1 of Plaintiff's Complaint state conclusions of law to which no response is required and are therefore denied. To the extent that the averments set forth in paragraph 1 of Plaintiff's Complaint state factual averments, same are denied.

PH1 725993v1 05/26/05

2. Denied. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 2 of Plaintiff's Complaint, and same are therefore denied.

3. Admitted in part and denied in part. It is admitted only that JPMorgan Chase Bank has an office at 500 Stanton Christiana Road, Newark, New Castle, Delaware 19713-2107. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining averments set forth in paragraph 3 of Plaintiff's Complaint, and same are therefore denied.

4. Admitted in part; denied in part. It is admitted only that JPMorgan Chase Bank has an office at 500 Stanton Christiana Road, Newark, New Castle, Delaware 19713-2107. It is denied that Plaintiff was employed by Defendant, JPMorgan. The remaining averments set forth in paragraph 4 of Plaintiff's Complaint state conclusions of law to which no response is required and are therefore denied. To the extent that the remaining averments set forth in paragraph 4 of Plaintiff's Complaint state factual averments, same are denied.

5. Denied. The averments set forth in paragraph 5 of Plaintiff's Complaint state conclusions of law to which no response is required and are therefore denied. To the extent that the averments set forth in paragraph 5 of Plaintiff's Complaint state factual averments, same are denied.

6. Denied. The averments set forth in paragraph 6 state conclusions of law to which no response is required and are therefore denied. To the extent that the averments set forth in paragraph 6 of Plaintiff's Complaint state factual averments, same are denied.

7. Denied. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averment set forth in paragraph 7 of Plaintiff's Complaint that

Plaintiff filed charges with the Department of Labor of the State of Delaware, Division of Industrial Affairs, P.O. Box 9954, Wilmington, New Castle, DE 19809-9954, and same are therefore denied. The remaining averments set forth in paragraph 7 of Plaintiff's Complaint state conclusions of law to which no response is required and are therefore denied.

8. Denied. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 8 of Plaintiff's Complaint, and same are therefore denied.

9. Denied. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 9 of Plaintiff's Complaint, and same are therefore denied.

10. Denied. The averments set forth in paragraph 10 of Plaintiff's Complaint state conclusions of law to which no response is required and are therefore denied. To the extent that the averments set forth in paragraph 10 of Plaintiff's Complaint state factual averments, same are denied.

11. Paragraph 11 was omitted from Plaintiff's Complaint.

12. Admitted in part; denied in part. It is admitted only that the Charge of Discrimination (the "Charge") purportedly filed by Plaintiff with the Equal Employment Opportunity Commission is attached to Plaintiff's Complaint. Defendant denies the facts set forth in the Charge. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining averments set forth in paragraph 12 of Plaintiff's Complaint, and same are therefore denied.

13. Denied. The averments set forth in paragraph 13 state conclusions of law to which no response is required and are therefore denied. To the extent that the remaining

averments set forth in paragraph 13 of Plaintiff's Complaint state factual averments, same are denied.

14.    Denied.  The averments set forth in paragraph 14 state conclusions of law to which no response is required and are therefore denied.  To the extent that the remaining averments set forth in paragraph 14 of Plaintiff's Complaint state factual averments, same are denied.

WHEREFORE, Defendant requests that judgment be entered in its favor and against Plaintiff with costs, reasonable attorneys' fees and such other relief as the Court may deem just and proper.

## DEFENDANT'S AFFIRMATIVE DEFENSES

### First Affirmative Defense

Defendant did not engage in any unlawful employment practices with respect to Plaintiff.

### Second Affirmative Defense

At all times relevant to this litigation, Defendant acted in a manner which was proper, reasonable, lawful and in the exercise of good faith.

### Third Affirmative Defense

Plaintiff's Complaint fails to state claims upon which relief can be granted.

### Fourth Affirmative Defense

Plaintiff has failed to state a claim pursuant to 42 U.S.C. § 2000e et seq.

### Fifth Affirmative Defense

Defendant did not discriminate against Plaintiff on the basis of her race, gender, national origin or color.

4

### Sixth Affirmative Defense

Plaintiff's claims are barred because she has failed to exhaust her administrative remedies.

### Seventh Affirmative Defense

Defendant affirmatively asserts that it did not subject Plaintiff to a hostile environment, retaliate against her or otherwise act unlawfully.

### Eighth Affirmative Defense

Defendant is not liable to Plaintiff under a respondeat superior theory.

### Ninth Affirmative Defense

None of Defendant's acts concerning Plaintiff constituted ultimate employment actions.

### Tenth Affirmative Defense

The claims asserted in the Complaint are barred in whole or in part by the applicable statute of limitations.

### Eleventh Affirmative Defense

The Court is without subject matter jurisdiction.

### Twelfh Affirmative Defense

The claims asserted in the Complaint are barred in whole or in part by the doctrines of waiver, laches and estoppel.

### Thirteenth Affirmative Defense

Plaintiff has failed to mitigate her damages.

### Fourteenth Affirmative Defense

All averments pertaining to jurisdiction are denied and strict proof thereof is demanded at the trial of this case.

PH1 725993v1 05/26/05

### Fifteenth Affirmative Defense

Defendant has no knowledge or means of ascertaining the truth or falsity of the averments concerning the injuries, sufferings and/or damages alleged to have been sustained by Plaintiff and the same are accordingly denied and strict proof thereof demanded at the trial of this case.

### Sixteenth Affirmative Defense

Plaintiff suffered no injuries as a result of any acts or omissions by Defendant.

### Seventeenth Affirmative Defense

Plaintiff fails to state a cause of action upon which punitive damages may be based or allowed.

### Eighteenth Affirmative Defense

Defendant asserts every defense available to it under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., and any other applicable law.

### Nineteenth Affirmative Defense

Defendant took prompt and adequate remedial action reasonably calculated to prevent any harassment.

### Twentieth Affirmative Defense

Plaintiff was not subjected to any harassment during her tenure with Defendant as a temporary employee employed by Integrity Staffing.

### Twenty-First Affirmative Defense

Plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities provided by Defendant or to avoid harm otherwise.

### Twenty-Second Affirmative Defense

Plaintiff cannot demonstrate any damages.

### Twenty-Third Affirmative Defense

Plaintiff was not subjected to any retaliation by Defendant.

### Twenty-Fourth Affirmative Defense

Plaintiff was not employed by Defendant, JPMorgan Chase Bank.

### Twenty-Sixth Affirmative Defense

Defendant, JPMorgan Chase Bank, was not a joint employer of Plaintiff.

WHEREFORE, Defendant requests that judgment be entered in its favor and against Plaintiff with costs, reasonable attorneys' fees and such other relief as the Court may deem just and proper.

Respectfully submitted,

**/s/ Neal J. Levitsky, Esquire #2092**
**NEAL J. LEVITSKY**, **ESQUIRE #2092**
919 N. Market Street, Suite 1400
Wilmington, DE  19801-3046
(302) 655-3667

Counsel for Defendant, JPMorgan Chase Bank

Dated:  May 26, 2005

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **Ashley T. Adams,** | : |
| | : |
| **Plaintiff,** | : |
| | : |
| v. | : |
| | : |
| **Integrity Staffing** | : |
| **aka Pepper Hamilton, LLP** | : |
| **Dawn Harper, et al.,** | :   **Civil Action No. 05-249 (KAJ)** |
| | : |
| **Randstad Staffing Services,** | : |
| **Woman of India nationality, et al.,** | : |
| | : |
| **JP Morgan Chase Bank One,** | : |
| **Cheryl Denneny, et al.,** | : |
| | : |
| **Ernest & Young,** | : |
| **Scott Gallagher, et al.,** | : |
| | : |
| **Defendants.** | : |

## **CERTIFICATE OF SERVICE**

I, Neal J. Levitsky, Esquire hereby certify that a true and correct copy of the foregoing Answer of Defendant, JPMorgan Chase Bank, to Plaintiff's Complaint, was served upon the following, this date, via first class mail:

> Ashley T. Adams
> 716 North Barrett Lane
> Christiana, DE 19702
> Plaintiff
>
> Integrity Staffing
> 220 Continental Drive, Suite 102
> Newark, DE 19713-2107
> Defendant
>
> Ernst & Young
> 5 Times Square

PH1 725993v1 05/26/05

New York, NY  10036
Defendant

Randstad Staffing
111 Continental Drive, Suite 201
Newark, DE  19713-2107
Defendant


**/s/ NEAL J. LEVITSKY, ESQUIRE #2092**
**NEAL J. LEVITSKY, ESQUIRE #2092**

Dated:  May 26, 2005