IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ASHLEY T. ADAMS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. No. 05-249-KAJ |
| ) | |
| INTEGRITY STAFFING ) | |
| SOLUTIONS, et al., ) | |
| ) | |
| Defendants. ) | |

**DEFENDANT INTEGRITY STAFFING SOLUTIONS'**
**ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT**

Defendant Integrity Staffing Solutions, by and through its undersigned attorneys, hereby responds to the Complaint of plaintiff Ashley T. Adams as follows:

1. The allegations in paragraph 1 of the Complaint state conclusions of law to which no response is required, and the same are therefore denied.

2. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2 of the Complaint, and same are therefore denied.

3. Defendant admits that it has a place of business at 220 Continental Drive, Suite 102, Newark, Delaware, 19713-2107. Defendant denies that it is "also known as: Pepper Hamilton LLP" as Pepper Hamilton is counsel for defendant. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 3 of the Complaint, and same are therefore denied.

4. Defendant admits that it staffed plaintiff on two temporary assignments at defendant JP Morgan Chase. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 4 of the Complaint, and the same are therefore denied.

5. The allegations in paragraph 5 of the Complaint are denied.

6. The allegations in paragraph 6 of the Complaint state conclusions of law to which no response is required, and the same are therefore denied.

7. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7 of the Complaint, and same are therefore denied.

8. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8 of the Complaint, and same are therefore denied.

9. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9 of the Complaint, and same are therefore denied.

10. Defendant denies the allegations in paragraph 10 of the Complaint.

11. Paragraph 11 was omitted from plaintiff's Complaint.

12. Defendant admits only that the Charge of Discrimination (the "Charge") purportedly filed by Plaintiff with the Equal Employment Opportunity Commission is attached to plaintiff's Complaint. Defendant denies the facts as set forth in the Charge.

13. Defendant denies the allegations in paragraph 13 of the Complaint.

14. Defendant denies the allegations in paragraph 14 of the Complaint.

### First Affirmative Defense

Defendant did not engage in any unlawful employment practices with respect to Plaintiff.

### Second Affirmative Defense

Defendant's decisions with respect to plaintiff were made for legitimate, non-discriminatory reasons unrelated to her gender, race, color or national origin.

### Third Affirmative Defense

Plaintiff was treated at all times in a legitimate non-discriminatory manner.

DC: #309779 v3 (6N0Z03!.DOC)

### Fourth Affirmative Defense

The Complaint fails to state a claim upon which relief can be granted.

### Fifth Affirmative Defense

Plaintiff is not entitled to some or all of the relief sought.

### Sixth Affirmative Defense

Plaintiff has failed to mitigate some or all of her alleged damages.

### Seventh Affirmative Defense

Defendant took prompt and adequate remedial action reasonably calculated to prevent any harassment.

### Eighth Affirmative Defense

Plaintiff unreasonably failed to take advantage of any preventative or corrective opportunities provided by defendant or to avoid harm otherwise.

DC: #309779 v3 (6N0Z03!.DOC)

-4-

WHEREFORE, defendant prays that plaintiff's claim for relief be denied, that the Complaint be dismissed in its entirety, and that judgment be entered in defendant's favor, together with costs and reasonable attorney's fees incurred herein, and any other relief as the Court deems just and proper.

Dated: June 20, 2005                                    Respectfully submitted,

                                                                       /s/ Sean P. McDevitt
                                                                       Sean P. McDevitt (DSB #2894)
                                                                       Pepper Hamilton LLP
                                                                       Hercules Plaza, Suite 5100
                                                                       1313 N. Market Street
                                                                       P.O. Box 1709
                                                                       Wilmington, DE  19899-1709
                                                                       (302) 777-6500

                                                                       *Attorneys for defendant Integrity Staffing Solutions and Dawn Harper-Smith*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ASHLEY T. ADAMS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 05-249 |
| | ) |
| INTEGRITY STAFFING SOLUTIONS, et al., | ) |
| | ) |
| Defendants. | ) |

## CERTIFICATE OF SERVICE

I hereby certify that I caused two copies of defendant Integrity Staffing Solutions' Answer and Affirmative Defenses to Complaint to be served upon the following on the date set forth below, via first-class mail, postage prepaid:

Ashley T. Adams
716 North Barrett Lane
Christiana, DE 19702
*Plaintiff*

Sheldon K. Rennie, Esq.
Fox Rothschild LLP
919 North Market Street, Suite 1300
P.O. Box 2323
Wilmington, DE 19899-2323
*Attorneys for Defendants JPMorgan Chase Bank and Cheryl Denneny*

Ernst & Young
5 Times Square
New York, NY 10036
*Defendant*

Randstad Staffing
111 Continental Drive, Suite 201
Newark, DE 19713-2107
*Defendant*

Dated: June 20, 2005

_____
Sean P. McDevitt

DC: #309779 v3 (6N0Z03!.DOC)