## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ASHLEY T. ADAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 05-249-KAJ |
| | ) | |
| INTEGRITY STAFFING SOLUTIONS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

### MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT DAWN HARPER-SMITH'S MOTION TO DISMISS THE COMPLAINT

Sean P. McDevitt (DSB #2894)
Pepper Hamilton LLP
Hercules Plaza, Suite 5100
1313 N. Market Street
P.O. Box 1709
Wilmington, DE   19899-1709
(302) 777-6500

## TABLE OF CONTENTS

Page

I.    INTRODUCTION ................................................................................................ 1

II.   STATEMENT OF THE NATURE AND STAGE OF THE PROCEEDING ........................ 2

III.  ARGUMENT ..................................................................................................... 2

      A.    Standard of Review ................................................................................ 2

      B.    All Claims Against Ms. Harper-Smith Should Be Dismissed ................................ 2

IV.   CONCLUSION ................................................................................................... 3

# TABLE OF AUTHORITIES

**CASES**                                                                                          **Page(s)**

Gonzalez v. Comcast Corp., No. Civ.A.03-445-KAJ, 2004 WL 1737693 (D. Del. July
    30, 2004) ................................................................................................................3

Kost v. Kozakiewicz, 1 F.3d 176 (3d Cir. 1993) ................................................................2

Neitzke v. Williams, 490 U.S. 319 (1989)..........................................................................2

Pennsylvania ex. rel. Zimmerman v. PepsiCo, Inc., 836 F.2d 173 (3d Cir. 1988) ...........2

Sheridan v. E.I. DuPont de Nemours and Co., 100 F.3d 1061 (3d Cir. 1996) .............2, 3

Wilson v. Department of Correction of Delaware, No. Civ.A.99-614-JJF, 2001 WL
    34368392 (D. Del. Mar. 30, 2001)................................................................................2


**RULES**

Fed. R. Civ. P. 12(b)(6)..................................................................................................1, 2


**STATUTES**

Title VII of the Civil Rights Act of 1964.......................................................................1, 2

Defendant Dawn Harper-Smith (incorrectly referred to in the caption as Dawn Harper), by and through her undersigned counsel, hereby submits this memorandum of law in support of her Motion to Dismiss the Complaint with prejudice pursuant to Rule 12(b)(6).[1]

## I.    INTRODUCTION

On April 28, 2005, plaintiff Ashley T. Adams filed the instant complaint in the above-referenced matter (the "Complaint"). In the caption of the Complaint, plaintiff identifies Integrity Staffing Solutions, (incorrectly named "Integrity Staffing"), "aka Pepper Hamilton LLP" and "Dawn Harper" as defendants.[2] The Complaint alleges that defendants discriminated against her, subjected her to a hostile work environment and retaliated against her in violation of Title VII of the Civil Rights Act of 1964 ("Title VII").

To the extent plaintiff seeks to name Ms. Harper-Smith as a defendant, all claims asserted against Ms. Harper-Smith should be dismissed with prejudice because there is no individual liability under Title VII.[3]

---

[1] Obviously, plaintiff does not allege any employment relationship with Pepper Hamilton LLP, counsel for Integrity Staffing Solutions and Dawn Harper-Smith, and presumably including Pepper Hamilton's name in the caption and in paragraph 2 of the Complaint was inartful drafting on the plaintiff's part. To the extent plaintiff does allege claims against Pepper Hamilton, Pepper Hamilton joins in this 12(b)(6) motion as never having had an employment relationship with plaintiff, and also asks the Court to strike its name from the caption. Alternatively, if plaintiff does assert claims against Pepper Hamilton and the instant 12(b)(6) motion is denied as to Pepper Hamilton, Pepper Hamilton seeks leave to file a Rule 12 motion for a more definite statement as to the nature of the claims against it.

[2] Plaintiff also names Randstad Staffing Services, JPMorgan Chase Bank One, Cheryl Denneny, Ernst & Young and Scott Gallagher as defendants.

[3] Although Ms. Harper-Smith is named in the caption of the Complaint, no factual allegations in the Complaint or the Charge of Discrimination pertain to Ms. Harper-Smith. Additionally, she is not named as a defendant in paragraph 2 which is the paragraph that provides the names and addresses of the defendants being sued. Notwithstanding the fact that it is unclear whether Ms. Harper-Smith is a defendant, she assumes for purposes of this motion that she is being sued in her individual capacity.

## II.     STATEMENT OF THE NATURE AND STAGE OF THE PROCEEDING

Plaintiff filed her Complaint on or about April 28, 2005, and service on defendants Integrity Staffing Solutions ("Integrity") and Ms. Harper-Smith was effected on or about June 3, 2005.  Defendants JP Morgan Chase Bank and Cheryl Denneny filed their responsive pleadings to the Complaint on or about May 26, 2005.  Defendant Integrity's Answer to the Complaint will be filed contemporaneously with the instant motion.

## III.     ARGUMENT

### A.     Standard of Review

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) challenges the legal sufficiency of a complaint.  FED. R. CIV. P. 12(b)(6).  In deciding a motion to dismiss, the court must "accept as true all the allegations in the complaint and must draw all reasonable factual inferences in the light most favorable to the plaintiff."  Wilson v. Department of Correction of Delaware, No. Civ.A.99-614-JJF, 2001 WL 34368392, at *1 (D. Del. Mar. 30, 2001) (citing Neitzke v. Williams, 490 U.S. 319, 326 (1989)).  However, a complaint may be dismissed when the facts pled and any reasonable inferences therefrom are legally insufficient to support the relief sought.  Pennsylvania ex. rel. Zimmerman v. PepsiCo, Inc., 836 F.2d 173, 179 (3d Cir. 1988).  A court is not required to accept legal conclusions either alleged or inferred from the pleadings.  Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d Cir. 1993).

### B.     All Claims Against Ms. Harper-Smith Should Be Dismissed

It is well settled in this Circuit that individual employees cannot be held liable under Title VII.  Sheridan v. E.I. DuPont de Nemours and Co., 100 F.3d 1061, 1078 (3d Cir. 1996).  Ms. Harper-Smith is an employee of defendant Integrity.  Because there is no liability under Title VII for individual employees, all claims against Ms. Harper-Smith must be

dismissed. Id.; Gonzalez v. Comcast Corp., No. Civ.A.03-445-KAJ, 2004 WL 1737693, at *2

(D. Del. July 30, 2004).

## IV.     CONCLUSION

      Defendant Dawn Harper-Smith therefore respectfully requests that the Court

dismiss her from this lawsuit with prejudice.

Dated:  June 20, 2005                    Respectfully submitted,

                                                      Sean P. McDevitt (DSB #2894)
                                                       Pepper Hamilton LLP
                                                       Hercules Plaza, Suite 5100
                                                       1313 N. Market Street
                                                        P.O. Box 1709
                                                        Wilmington, DE   19899-1709
                                                       (302) 777-6500

                                                    *Attorneys for Integrity Staffing Solutions and*
                                                    *Dawn Harper-Smith*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| ASHLEY T. ADAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 05-249-KAJ |
| | ) | |
| INTEGRITY STAFFING | ) | |
| SOLUTIONS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that I caused two copies of the foregoing Motion to Dismiss and accompanying Memorandum of Law to be served on the date set forth below, via federal express, to:

> Ashley T. Adams
> 716 North Barrett Lane
> Christiana, DE  19702
> *Plaintiff*
>
> Sheldon K. Rennie, Esq.
> Fox Rothschild LLP
> 919 North Market Street, Suite 1300
> P.O. Box 2323
> Wilmington, DE 19899-2323
> *Attorneys for Defendants JPMorgan Chase*
> *Bank and Cheryl Denneny*
>
> Ernst & Young
> 5 Times Square
> New York, NY  10036
> *Defendant*
>
> Randstad Staffing
> 111 Continental Drive, Suite 201
> Newark, DE  19713-2107
> *Defendant*

Dated: June 20, 2005

Sean P. McDevitt

<u>Gonzalez v. Comcast Corp.</u>, No Civ. A. 03-445-KAJ, 2004 WL 1737693 (D.Del. July 30, 2004)

Westlaw.

Not Reported in F.Supp.2d

2004 WL 1737693 (D.Del.)

(Cite as: 2004 WL 1737693 (D.Del.))

Page 1

**H**

**Motions, Pleadings and Filings**

Only the Westlaw citation is currently available.

United States District Court,
D. Delaware.
Edwin GONZALEZ, Donna Ann Minor, Kara
Pietrowicz and Alberina Ziemba,
Plaintiffs,
v.
COMCAST CORPORATION, a Pennsylvania
corporation, Comcast Cablevision of Willow
Grove, a Pennsylvania corporation, Comcast Cable
Communications, Inc., a
Delaware corporation, Suzane Keenan, Allen R.
Peddrick, Richard Germano, James
Sullivan, E. Mark Connell, Dina Galeotafiore, Al
Calhoun, Steve Trevison,
Philip Annone, John McGowan, Vincent Johnson,
and Michael A. Doyle, Defendants.
**No. Civ.A. 03-445-KAJ.**

July 30, 2004.

Victor F. Battaglia, Philip B Bartoshesky, Biggs and
Battaglia, Wilmington, Delaware, for Plaintiffs.

William M. Kelleher, Ballard Spahr Andrews &
Ingersoll, LLP, Wilmington, Delaware, for
Defendants.

Michael P. Kelly, McCarter & English, LLP,
Wilmington, Delaware, for Defendants.

Charisse R. Lillie, David E. Brier, Farrah Gold,
Ballard Spahr Andrews & Ingersoll, LLP,
Philadelphia, Pennsylvania, for Defendants.

MEMORANDUM OPINION

JORDAN, J.

I. *INTRODUCTION*

**\*1** The plaintiffs, Edwin Gonzalez, Donna Ann
Minor, Kara Pietrowicz, and Alberina Ziemba, are
former employees of one or more [FN1] of the
Comcast family of companies named as defendants in
this suit (collectively "Comcast") and have brought

this employment discrimination action against
Comcast and the individual defendants, who hold a
variety of supervisory and management positions
within Comcast. (*See* Docket Item ["D.I."] 45 at 5-
12.) The defendants have filed a Motion for Partial
Summary Judgment (D.I. 153; the "Motion") which
challenges (1) the plaintiffs' Title VII claims against
the individual defendants (D.I.154 at 5); (2) the
plaintiffs' claims under 42 U.S.C. § 1981 against
defendants Doyle, Connell, Calhoun, Keenan,
Comcast Corporation, and Comcast Cable of Willow
Grove (*id.* at 5-7); (3) the plaintiffs' claims under 42
U .S.C. § 1985 (*id.* at 7-10); (4) the Plaintiffs' claims
under 42 U .S.C. § 1986 (*id.* at 10-11); and (5) the
plaintiffs' claims under Delaware state contract law
for breach of the covenant of good faith and fair
dealing (*id.* at 11-12).

> FN1. It is not clear from the pleadings or the
> briefing in this matter which of the four
> business entities named as defendants was
> the company that employed the plaintiffs. In
> fact, one of the matters in dispute is whether
> the four entities should be treated as a single
> employer for purposes of this case. *See infra*
> at 7-9. The defendants' briefing asserts that
> two of the four companies, namely Comcast
> Corporation and Comcast Cablevision of
> Willow Grove, were not the plaintiffs'
> employers (*see* D.I. 154 at 2, 5), which
> implies that, from the defendants'
> perspective, one or both of the other entities
> did employ the plaintiffs. That apparent
> concession is muddied, however, by the
> defendants' assertion that only Comcast
> Cablevision of New Castle County, LLC or
> its predecessor in interest had an
> employment contract with the plaintiffs.
> (*See id.* at 11-12.)

For the reasons that follow, the defendants' Motion
will be granted as to item (1), will be granted in part
as to item (2), but only insofar as summary judgment
will be granted for defendant Keenan, and will be
granted as to items (3) and (4). In all other respects,
the Motion will be denied.

II. *BACKGROUND* [FN2]

> FN2. Since I am obligated to view the facts
> pertinent to this Motion in the light most

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d
2004 WL 1737693 (D.Del.)
(Cite as: 2004 WL 1737693 (D.Del.))

Page 2

favorable to the non-moving party, *see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986)*, the following rendition of background information is based largely upon the allegations in the First Amended Complaint (D.I.45), but also includes reference to certain evidence supplied by the parties in connection with their briefing. It does not represent findings of fact.

The plaintiffs were all employed at the New Castle office of one of the Comcast entities, working under the supervision of a woman named Angela Wilson. [FN3] (D.I. 45 at ¶¶ 39, 41, 43, 45.) Ms. Wilson, an African-American, was a Human Resources Manager and had sought but was denied the opportunity to apply for a promotion to the position of Human Resources Director. (*Id.* at ¶¶ 15-19.) The plaintiffs allege that the defendants denied Ms. Wilson that opportunity because of her race and gender. (*Id.* at ¶ 19.) Ms. Wilson filed a complaint with the Equal Employment Opportunity Commission ("EEOC") and the Delaware Division of Labor, charging Comcast with discrimination. (*Id.* at ¶ 21.) The complaint was served on the defendants on January 2, 2002. (*Id.* at ¶ 22.) According to the plaintiffs, the defendants then retaliated against Ms. Wilson and her staff, including the plaintiffs, by firing them all two days later. (*Id.*) More specifically, the plaintiffs assert that, when they expressed their opposition to the treatment Ms. Wilson received at the hands of the defendants and further expressed their belief that Ms. Wilson was being discriminated against on the basis of her race and gender, the defendants fired them in retaliation. (*See id.* at ¶¶ 60-61, 65, 79, 85- 86, 90, 104, 110-11, 115, 129, 135-36, 140, 154.)

> FN3. Ms. Wilson is the plaintiff in a separate employment discrimination suit against Comcast in this court, [add case caption and Civ. Action No.]

The First Amended Complaint in this case contains a total of twenty counts, consisting of four sets of five counts, each set pertaining to one of the four plaintiffs. Each set of five counts is, except for the name of the specific plaintiff, virtually identical with every other set. The five counts are as follows: (1) a count alleging discrimination and retaliation under 42 U.S.C. § 2000e, *et seq.*, commonly referred to as "Title VII", (2) a count alleging "violation of equal rights under the law" and citing 42 U.S.C. § 1981, (3) a count citing 42 U.S.C. § 1985(3) and alleging that the defendants conspired to interfere with the plaintiffs' civil rights, (4) a count citing 42 U.S.C. §

1986 and alleging that individual Comcast supervisors failed to prevent the aforementioned conspiracy, and (5) a count alleging that the defendants breached their implied covenant under Delaware contract law to act in good faith and deal fairly in their employment relationship with the named plaintiff.

III. *STANDARD FOR SUMMARY JUDGMENT*

**\*2** The well known rule governing summary judgment provides that such judgment shall be entered if "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). The "availability of summary judgment turn[s] on whether a proper jury question [has been] presented." *Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).* "[T]he judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Id.* In making that determination, one must believe the non-moving parties' evidence and draw all inferences from the evidence in the non-moving parties' favor. *Id.* at 255; *Eastman Kodak Co. v. Image Technical Services; Inc., 504 U.S. 451, 456 (1992).* In particular, in an employment discrimination case, " 'a trial court must be cautious about granting summary judgment to an employer when ... intent is at issue." ' *Goosby v. Johnson & Johnson Medical, Inc., 228 F.3d 313, 321 (3d Cir.2000)* (quoting *Gallo v. Prudential Residential Services, Ltd. Partnership, 22 F.3d 1219, 1224 (2d Cir.1994)).* Nevertheless, the party bearing the burden of persuasion in the litigation, must, in opposing a summary judgment motion, "identify those facts of record which would contradict the facts identified by the movant." *Port Authority of New York and New Jersey v. Affiliated FM Ins. Co., 311 F.3d 226, 233 (3d Cir.2002)* (internal quotes omitted).

IV. *DISCUSSION*

A. *Title VII*

Among other things, Title VII prohibits employment discrimination on the basis of race or sex. 42 U.S.C. § 2000e-2 ("It shall be an unlawful employment practice for an employer ... to discriminate against any individual with respect to his ... employment, because of such individual's race, color, religion, sex, or national origin...."). The defendants note that Title VII does not provide for individual liability of fellow employees who may discriminate; it makes only employers themselves liable. (*See* D.I. 154 at 5.)

Not Reported in F.Supp.2d
2004 WL 1737693 (D.Del.)
**(Cite as: 2004 WL 1737693 (D.Del.))**

Therefore, say the defendants, the plaintiffs' claims against the individual defendants under Title VII cannot stand. (*Id.*) In this they are correct, as the plaintiffs have conceded (D.I. 159 at 14). *See Sheridan v. E.I. duPont de Nemours & Co.*, 100 F.3d 1061, 1077-78 (3d Cir.1996) ("[W]e are persuaded that Congress did not intend to hold individual employees liable under Title VII.") Judgment will therefore be entered __[FN4]__ for the individual defendants on all of the Title VII counts.[FN5]

> FN4. Though couched as a motion for summary judgment, this and other aspects of the defendants' Motion do not rely in any measure on evidence beyond the First Amended Complaint and the defendants' Answers (*see* D.I. 46-61) and are, in essence, requests for judgment on the pleadings. *See* Fed.R.Civ.P. 12(c) (2004).

> FN5. The counts in the First Amended Complaint are misnumbered, but the Title VII counts bear the roman numerals I, VI, XII (which is actually the eleventh count), and XVII (which is actually the sixteenth count).

B. *Section 1981*

Section 1981 of Title 42 of the United States Code provides that all persons within our nation's jurisdiction will receive "the full and equal benefit of all laws and proceedings ..." The plaintiffs assert that they have been deprived of those equal rights because the defendants retaliated against them for opposing unlawful discrimination against Ms. Wilson. (*See, e.g.,* D.I. 45 at ¶¶ 65-67.)

i. *Defendants Doyle, Calhoun, Connell, and Keenan*

*3 The defendants argue that summary judgment should be granted against the plaintiffs on the § 1981 claims against Messrs. Doyle, Calhoun, and Connell and Ms. Keenan because those individuals were not involved in the decision to fire the plaintiffs and Ms. Wilson. (D.I. 154 at 5-6.) The plaintiff responds that inferences from the present record fairly implicate each of those four defendants in the firing. (D.I. 159 at 14-18.)

The Third Circuit has declared that, "[i]f individuals are personally involved in the [challenged] discrimination ..., and if they intentionally caused the [infringement of] ... Section 1981 rights, or if they authorized, directed, or participated in the alleged

discriminatory conduct, they may be held liable." *Al-Khazraji v. Saint Francis College*, 784 F.2d 505, 518 (3d Cir.1986). The evidence cited by the plaintiffs is sufficient, under the strictures of summary judgment review, to hold Messrs. Doyle, Calhoun, and Connell in the case, but not Ms. Keenan.

If all reasonable inferences are drawn in the plaintiffs' favor, one could conclude, as plaintiffs do, that Calhoun and Connell were actively involved in the firing decision, as evidenced by their presence at a meeting in which Comcast executives are alleged to have met to discuss the most effective way to cover-up unlawful discrimination against Ms. Wilson. (*See id.* at 16.) Similarly, one could conclude that, because Calhoun's and Connell's presence at the meeting was at the express direction of Doyle, Doyle was "in the loop" and had in some meaningful sense authorized the allegedly discriminatory course of conduct. (*See id.*) There are thus issues of material fact which remain to be resolved with respect to the liability of Messrs. Doyle, Calhoun, and Connell, and the Motion must be denied as to those individual defendants.

As to Ms. Keenan, however, even the plaintiffs admit that her involvement "was a bit different." (*Id.* at 17.) Indeed, the most that the plaintiffs are able to muster against Ms. Keenan is that she showed some interest in the events surrounding the shake-up at the New Castle Call Center. (*See id.* at 17-18.) That is not a basis for liability. Accordingly, the Motion will be granted as to Ms. Keenan. [FN6]

> FN6. The counts containing the § 1981 allegations bear the roman numerals II, VIII (which is actually the seventh count), XIII (which is actually the twelfth count), and XVIII (which is actually the seventeenth count).

ii. *Defendants Comcast Corporation and Comcast Cable of Willow Grove*

The defendants also argue that summary judgment should be entered for two of the corporate defendants, Comcast Corporation and Comcast Cable of Willow Grove, because they did not employ the plaintiffs and because the plaintiffs have not provided evidence that would warrant ignoring the corporate veils separating those entities from the other corporate defendants. (*See* D.I. 154 at 6-7.) The plaintiffs respond by asserting that they have adduced evidence to at least raise a material issue of fact on the question of whether Comcast Corporation and

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d
2004 WL 1737693 (D.Del.)
**(Cite as: 2004 WL 1737693 (D.Del.))**

Comcast Cable of Willow Grove are sufficiently integrated with the other corporate defendants for all of them to be treated as a joint employer of the plaintiffs. (See D.I. 159 at 18-19.)

*4 In *Marzano v. Computer Science Corp. Inc.,* 91 F.3d 497 (3d Cir.1996), the Third Circuit, citing fundamental principles of corporate law, [FN7] stated in the context of an employment discrimination case that the veil separating corporate entities could only be ignored when those entities are "so interrelated and integrated in their activities, labor relations, and management, [that] it is clear ... they may be treated as a single employer." *Id.* at 513 (quoting *Ratcliffe v. Insurance Co. of North America,* 482 F.Supp. 759, 764 (E.D.Pa.1980). This "integrated enterprise" test has been interpreted to require review of the related entities to consider "(1) inter-relation of operations; (2) common management; (3) centralized control of labor relations; and (4) common ownership or financial controls." *McNeal v. Maritank Philadelphia, Inc.,* 1999 WL 80268 at *7 (E.D.Pa. Jan. 29, 1999); *see also Johnson v. Cook Composites and Polymers, Inc.,* 2000 WL 249251 at *3 (D.N.J. Mar. 3, 2000) (same); *Brown v. Vitelcom, Inc.,* 47 F.Supp.2d 595, 600 (D.V.I.1999) (listing factors as: "(1) the degree to which ... operations were integrated ..., (2) whether ... [there was] centralized control over ... labor relations, and (3) whether ... [the entities] were commonly owned and managed").

> FN7. The Court in that case was applying New Jersey's corporation law, but the principles at issue, i.e., the doctrine of limited liability and its corollary that separate corporate entities ought generally to be treated as such, are basic.

The plaintiffs emphasize two types of evidence which they assert raise a material issue of fact as to the integration of the corporate defendants. First, they point to the federal W-2 wage and tax forms issued to the plaintiffs during various years. [FN8] Each of the W-2 forms submitted with the briefing lists the employer as Comcast Cablevision of Willow Grove. [FN9]

> FN8. Examples were given for the years 2000 (D.I. 160 at B-24), 2001 (*id.* at B-23, B-26), and 2002 (*id.* at B-25).

> FN9. The precise abbreviation for the entity varies slightly, but in all cases it is clearly identifying Comcast Cablevision of Willow Grove. One of the W-2s is for Ms.

Pietrowicz (D.I. 160 at B-23), one for Ms. Minor (*id.* at B-24), one for Ms. Ziemba (*id.* at B-25), and one for Mr. Gonzalez (*id.* at B-26).

Second, they refer to the "General Respondent Questionnaire" filed by Comcast with the Delaware Department of Labor's Office of Labor Enforcement in response to the plaintiffs' administrative complaint before that body. Prior to commencing the present suit, the plaintiffs pursued administrative remedies, including filing an administrative action before the Delaware Department of Labor. (See D.I. 160 at B-27 through B-30.) The named Respondent in that administrative action was "Comcast Cablevision of New Castle County, Inc." In response to a question requiring the full name of the complainants' employer, the defendants' counsel wrote "Comcast Cablevision of New Castle County, Inc." (*Id.* at B-27.) However, when asked to identify those responsible for the management of the Respondent, the answer given was "Not Applicable. The employer is ultimately owned by a publicly traded company, Comcast Corporation." (*Id.*) Other responses on the questionnaire either expressly or by implication identify Comcast Corporation as the employer of the plaintiffs. (See *id.* at B-28, responses to questions 3 and 4.) Thus, Comcast Corporation chose to identify itself as the employer, essentially ignoring the separate existence of Comcast Cablevision of New Castle County, Inc. One might therefore infer that Comcast treats other members of the Comcast family of companies similarly, all being integrated units, at least for employment purposes.

*5 Despite the defendants' protestations that these points of evidence are insufficient to pierce the corporate veil (D.I. 163 at 3-4), the evidence does raise a general issue of material fact as to the inter-relation of operations among the defendant corporations, their common management, and centralized control of their labor relations. [FN10] Accordingly, the defendants' efforts to have Comcast Corporation and Comcast Cable of Willow Grove eliminated from the case fail.

> FN10. The fourth factor in the "integrated enterprise" test, the extent of common ownership or financial controls, does not appear to be disputed. All the corporate defendants are apparently tightly interconnected under the Comcast ownership structure. If this point is subject to dispute, however, the same evidence raises an issue of fact as to that factor as

well. (*Cf.* D.I. 160 at B-27 (noting ownership by Comcast Corporation) and B-28 (identifying Comcast Corporation as the employer and "ultimate parent of the Respondent", and describing itself as a nationwide company with over 20,000 employees)).

### C. *Section 1985(3)*

Section 1985(3) of Title 42 forbids any conspiracy to "depriv[e], either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws...." The statute "does not itself create any substantive rights; rather, it serves only as a vehicle for vindicating federal rights and privileges which have been defined elsewhere." *Brown v. Philip Morris Inc.,* 250 F.3d 789, 805 (3d Cir.2001) (citing *Great Am. Fed. Sav. & Loan Ass'n v. Novotny,* 442 U.S. 366, 376 (1979)). The plaintiffs allege that the individual defendants conspired to violate their "civil rights guaranteed by 42 U.S.C. § 1981, and thus are [in] ... violation of 42 U.S.C. § 1985." (*E.g.,* D.I. 45 at ¶ 71.) The defendants respond that a claim under § 1985(3) cannot lie for alleged violations of § 1981. (D.I. 154 at 7-9.)

"[T]he conspiracy provision of § 1985(3) provides a cause of action under rather limited circumstances...." *Brown,* 250 F.3d at 805. While other courts may have approved the use of § 1985(3) as a basis for claims alleging a conspiracy to violate § 1981 (*see* D.I. 159 at 21), the Third Circuit has noted that "in the context of actions brought against private conspirators, the Supreme Court has thus far recognized only two rights protected under § 1985(3): the right to be free from involuntary servitude and the right to interstate travel." *Brown,* 250 F.3d at 805. In an employment discrimination context, like that facing the court here, the Supreme Court explicitly rejected an attempt to employ § 1985(3) as an adjunct to a Title VII employment discrimination claim. *See Great Am. Fed. Sav. & Loan Ass'n,* 442 U.S. at 376. In view of such precedent, the Third Circuit has stated that, "[i]n order to prevent the use of § 1985(3) as a general federal tort law, courts have been careful to limit causes of action thereunder to conspiracies that deprive persons of constitutionally protected rights, privileges and immunities...." *Brown,* 250 F.3d at 805. Consequently, I agree with precedent holding that alleged violations of statutory rights under § 1981, by themselves, cannot be a foundation for a conspiracy claim under § 1985(3). *See Dixon v. Boscov's, Inc.,* 2002 WL 1740583 at *2 (E.D.Pa. July

17, 2002) (holding that the Third Circuit's decision in *Brown* compels conclusion "that statutory rights pursuant to section 1981 cannot be the basis of a section 1985 remedy."). Judgment will therefore be entered for the individual defendants on the plaintiffs' § 1985(3) claims. [FN11]

> FN11. The counts containing the § 1985(3) claims bear the roman numerals III, IX (which is actually the eighth count), XIV (which is actually the thirteenth count), and XIV (which is actually the eighteenth count).

### D. *Section 1986*

*6 Section 1986 of Title 42 makes liable "[e]very person who, having knowledge that any of the wrongs conspired to be done, and mentioned in section 1985 of this title, are about to be committed, and having power to prevent or aid in preventing the commission of the same, neglects or refuses so to do...." Because § 1986 by its terms depends upon a violation of § 1985, the parties agree that, if I determine, as I have, that the plaintiffs have no cause of action under § 1985, then the plaintiffs' § 1986 claims must also fail. (*See* D.I. 154 at 10; D.I. 159 at 22.) Accordingly, judgment will also be entered for the individual defendants on the plaintiffs' § 1986 claims. [FN12]

> FN12. The counts containing the § 1986 claims bear the roman numerals IV, X (which is actually the ninth count), XV (which is actually the fourteenth count), and XV (which is actually the nineteenth count).

### E. *Good Faith and Fair Dealing*

Under Delaware law, it has long been the case that a covenant of good faith and fair dealing is implied as a part of every contract. *See E.I. DuPont de Nemours and Co. v. Pressman,* 679 A.2d 436, 440 (Del.Supr.1996) ("The Covenant, perhaps in less robust form and by a different name, also has a long history."). The plaintiffs and the defendants agree (D.I. 154 at 11-12; D.I. 159 at 23) that, because the individual defendants were not parties to the employment contracts with the plaintiffs, those defendants cannot be subject to the plaintiff's breach of contract claims. *See Castetter v. Delaware Dept. of Labor,* 2002 WL 819244 at *3 (Del.Super.Apr. 30, 2002) (dismissing breach of good faith and fair dealing claim against individual defendant because "[o]nly a party to a contract can breach the implied

Not Reported in F.Supp.2d
2004 WL 1737693 (D.Del.)
**(Cite as: 2004 WL 1737693 (D.Del.))**

Page 6

covenant"). Accordingly, judgment will be entered for the individual defendants on those claims. [FN13]

> FN13. The counts containing the claims for breach of the covenant of good faith and fair dealing bear the roman numerals V, XI (which is actually the tenth count), XVI (which is actually the fifteenth count), and XVI (which is actually the twentieth count).

The defendants also argue that summary judgment should be entered on those claims to the extent they are asserted against Comcast Corporation, Comcast Cablevision of Willow Grove, and Comcast Cable Communications, Inc. "because these entities were not parties to any contract with the Plaintiffs." (D.I. 154 at 11-12.) For the same reasons discussed in section IV.B.ii. of this Opinion, the defendants motion in this regard will be denied.

### V. CONCLUSION

Based on the foregoing reasons and authorities, the defendants' Motion will be granted in part and denied in part. It will be granted to the extent that judgment will be entered in favor of the individual defendants on the Title VII claim; that summary judgment will be entered for defendant Keenan on the plaintiffs' § 1981 claims; and that judgment will be entered in favor of the individual defendants on the plaintiffs' claims under §§ 1985 and 1986. The Motion will be denied in all other respects. An appropriate order will follow.

### ORDER

For the reasons set forth today in the Memorandum Opinion in this case,

IT IS HEREBY ORDERED that the defendants' Motion for Summary Judgment (D.I. 153; the "Motion") is GRANTED to the extent that judgment is entered in favor of the individual defendants on the plaintiffs' Title VII claims; that judgment is entered for defendant Keenan on the plaintiffs' claims under 42 U.S.C. § 1981; and that judgment is entered in favor of the individual defendants on the plaintiffs' claims under 42 U.S.C. §§ 1985 and 1986. In all other respects, the Motion is DENIED.

2004 WL 1737693 (D.Del.)

**Motions, Pleadings and Filings (Back to top)**

-     1:03CV00445     (Docket)
(May. 01, 2003)

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Wilson v. Department of Corrections of Delaware, No. Civ. A. 99-614-JJF, 2001 WL 34368392
(D. Del. Mar. 30, 2001)

Westlaw.

Not Reported in F.Supp.2d
2001 WL 34368392 (D.Del.)
**(Cite as: 2001 WL 34368392 (D.Del.))**

Page 1

**H**
Only the Westlaw citation is currently available.

United States District Court,
D. Delaware.
Tony A. WILSON, Plaintiff,
v.
DEPARTMENT OF CORRECTION OF
DELAWARE, Alan Machtinger, Joe Paesani,
Michael
McFarland, Ron Turner, Thomas G. Bailor, James
Supiett, Mr. Keen, Forest
Jacobs, Mr. Kuminski, Dave Stebbins, Pinkerton,
Inc., Unidentified, Defendants.
**No. Civ.A. 99-614-JJF.**

March 30, 2001.
Tony A. Wilson, Ocala, Florida, Plaintiff, pro se.

Stuart B. Drowos, Deputy Attorney General,
Delaware Department of Justice, Wilmington,
Delaware, for Defendants.

*MEMORANDUM OPINION*

FARNAN, J.

*1 Presently before the Court is a Motion to Dismiss filed by Defendants Department of Corrections, Alan Machtinger, Joseph Paesani, Michael McFarland and Ron Turner (collectively "State Defendants") (D.I.32). Plaintiff Tony A. Wilson filed the instant action alleging violations of Title VII of the Civil Rights Act of 1964 and Fourteenth Amendment Due Process violations under 42 U.S.C. § 1983. State Defendants seek dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted. For the reasons set forth below, State Defendants' Motion to Dismiss (D.I.32) will be granted.

BACKGROUND

Plaintiff applied for, and was offered, a position with the Delaware Department of Corrections ("DOC") as a Probation and Parole Officer on January 15, 1996. (Complaint, D.I.3, App.1). Plaintiff's offer was conditional and required him to file a Personal History Statement ("PHS") with the Department of Corrections. *Id.* All DOC offers of employment are contingent upon favorable background investigations.

This paperwork was completed and returned to Defendants on February 2, 1996. *Id.* As a result of the background investigation, Defendant McFarland made a recommendation to rescind Plaintiff's offer of employment. *Id.* On March 12, 1996, Plaintiff received a letter from State Defendants stating that his offer of employment had been rescinded. *Id.* Plaintiff alleges that the background investigation information was untrue and that State Defendants rescinded the employment offer solely because of Plaintiff's race. Plaintiff is a black male.

On March 2, 1998, Plaintiff filed charges with the Delaware Department of Labor and the Equal Employment Opportunity Commission ("EEOC"). *Id.* The EEOC investigator was unable to conclude that the information obtained established a violation and notified Plaintiff that his file would be closed on May 26, 1998. *Id.* Plaintiff filed this case against State Defendants on July 7, 1998, within the ninety day time frame set forth in the EEOC dismissal notification. *Id.*

By his Complaint, Plaintiff alleges that State Defendants' "rescinding of the Probation and Parole employment offer and Defendants' general hiring practices are racially motivated and designed" in violation of Title VII of the Civil Rights Act of 1964. (D.I. 3, at 1). Plaintiff further asserts a Section 1983 claim alleging violations of his Fourteenth Amendment Due Process rights.

STANDARD OF REVIEW

Pursuant to Rule 12(b)(6), the Court may dismiss a complaint for failure to state a claim upon which relief may be granted. Fed.R.Civ.P. 12(b)(6). The purpose of a motion to dismiss is to test the sufficiency of a complaint, not to resolve disputed facts or decide the merits of the case. *See Kost v. Kozakiewicz,* 1 F.3d 176, 183 (3d Cir.1993). Thus, when considering a motion to dismiss, a court must accept as true all allegations in the complaint and must draw all reasonable factual inferences in the light most favorable to the plaintiff. *See Neitzke v. Williams,* 490 U.S. 319, 326 (1989); *Piecknick v. Pennsylvania,* 36 F.3d 1250, 1255 (3d Cir.1994). However, the court is "not required to accept legal conclusions either alleged or inferred from the pleaded facts." *Kost,* 1 F.3d at 183 (citation omitted). Dismissal is only appropriate when "it appears beyond doubt that the plaintiff can prove no set of

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d
2001 WL 34368392 (D.Del.)
(Cite as: 2001 WL 34368392 (D.Del.))

facts in support of his claims which would entitle him to relief." _Conley v. Gibson_, 355 U.S. 41, 45 (1957).

## DISCUSSION

I. Plaintiff's Claim Under Title VII. [FN1]

> FN1. As a preliminary matter, the Court notes that Defendants Department of Corrections, Paesani, McFarland and Turner were not officially served pursuant to Federal Rule of Civil Procedure 4(m). Rule 4(m) provides that "if service of summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice." Fed.R.Civ.P. 4(m). To date, Plaintiff has neither served these four State Defendants nor requested additional time for service from the Court. While acknowledging that Rule 4(m) is dispositive with regard to these four State Defendants, the Court will nevertheless address the issues raised by the motion to dismiss with regard to all State Defendants.

*2 Racial discrimination claims under Title VII of the Civil Rights Act of 1964 are analyzed under the burden-shifting framework set forth in _McDonnell Douglas v. Green_, 411 U.S. 792, 802 (1973). In order to survive a motion to dismiss, Plaintiff must allege sufficient facts to establish a prima facie case of discrimination by showing: (1) that Plaintiff is a member of a protected class; (2) that Plaintiff was qualified for a job for which the employer was seeking applicants and that, despite his qualifications, he was rejected; and (3) that non-members of the protected class were treated more favorably. _See Ezold v. Wolf, Block, Schorr and Solis-Cohen_, 983 F.2d 509, 522 (3d Cir.1992); _McCay v. Delaware State Univ._, Civ.A.No. 99-219-SLR, 2000 U.S. Dist. LEXIS 14653 (D.Del. Sept. 29, 2000).

As an initial matter, the Court notes that Plaintiff's Title VII claim, although asserted against State Defendants Machtinger, McFarland, Turner and Paesani in their official and individual capacities, is only relevant to Plaintiff's claims against the Department of Corrections. Title VII does not allow for suits against individuals. Title VII only allows for suits against employers based on unlawful employment practices. 42 U.S.C. § 2000e-2 (1999).

Upon reviewing the Complaint, the Court concludes that Plaintiff fails to allege any facts to demonstrate that non-members of the protected class were treated more favorably in the present situation. Accordingly, the Court concludes that Plaintiff has failed to establish a prima facie case for employment discrimination under Title VII. Thus, State Defendants' motion to dismiss Plaintiff's Title VII claim will be granted.

II. Plaintiff's Claim Under 42 U.S.C. § 1983.

Plaintiff also alleges that State Defendants violated his Fourteenth Amendment Due Process rights by failing to provide him with the opportunity to rebut information discovered as a result of a background check. Procedural due process rights apply when a plaintiff has been deprived of a property interest. as defined by state law. Property interests are defined by state law, not by the Constitution. _See Board of Regents v. Roth_, 408 U.S. 564, 576 (1972).

Under Delaware law, all newly hired DOC personnel serve a six month probationary period. _See_ 11 Del. C. § 6506(b). The Court of Appeals for the Third Circuit has held that an officer does not have a property interest in their position during the probationary period. _See Blanding v. Pennsylvania State Police_, 12 F.3d 1303, 1307 (3d Cir.1993). In this case, Plaintiff was not even on probation because he was never hired by the Department of Corrections.

Moreover, Plaintiff signed a "Conditions of Employment" form, whereby Plaintiff acknowledged that his selection as a Probation and Parole Officer was tentative. (D.I. 3 at 30). In order to make the tentative offer permanent, Plaintiff had to successfully and favorably complete a series of conditions. _Id._ Because Plaintiff's employment offer was tentative and conditional, the Court concludes that Plaintiff did not have a protected property interest in his conditional "offer" of employment and, as such, fails to state a claim for a Fourteenth Amendment Due Process violation in order to sustain his Section 1983 claim. Thus, State Defendants' motion to dismiss Plaintiff's Section 1983 claim will be granted.

III. Plaintiff's State Law Claims

*3 Plaintiff has asserted a defamation claim against State Defendants. When a court dismisses a plaintiff's federal claims which form the basis of jurisdiction under 28 U.S.C. § 1343, the Court loses subject matter jurisdiction over any state law claims. _See United Mine Workers v. Gibbs_, 383 U.S. 715, 726

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d
2001 WL 34368392 (D.Del.)
**(Cite as: 2001 WL 34368392 (D.Del.))**

Page 3

(1965). State law claims should be dismissed if the federal claims are dismissed before trial. *Id.* The Court has dismissed Plaintiffs federal claims asserted against all State Defendants under Title VII and Section 1983. Because the federal claims will be dismissed, the Court has no subject matter jurisdiction over Plaintiff's state law defamation claims. Accordingly, State Defendants' motion to dismiss Plaintiff's defamation claims will be granted.

## CONCLUSION

For the reasons discussed, State Defendants' Motion to Dismiss (D .I. 32) will be granted.

An appropriate Order will be entered.

2001 WL 34368392 (D.Del.)

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.