IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **Ashley T. Adams,** | : | |
| | : | |
| Plaintiff, | : | |
| v. | : | |
| | : | |
| **Integrity Staffing** | : | |
| **aka Pepper Hamilton, LLP** | : | |
| **Dawn Harper, et al.,** | : | Civil Action No. 05-249 (KAJ) |
| | : | |
| **Randstad Staffing Services,** | : | |
| **Woman of India nationality, et al.,** | : | |
| | : | |
| **JP Morgan Chase Bank One,** | : | |
| **Cheryl Denneny, et al.,** | : | |
| | : | |
| **Ernest & Young,** | : | |
| **Scott Gallagher, et al.,** | : | |
| | : | |
| Defendants. | : | |

**DEFENDANTS RANDSTAD STAFFING SERVICES' AND "WOMAN OF INDIA NATIONALITY'S" OPENING BRIEF IN SUPPORT OF THEIR MOTION TO DISMISS**

 

DUANE MORRIS LLP
John H. Newcomer, Jr. (I.D. No. 2323)
1100 North Market Street, Suite 1200
Wilmington, DE 19801-1246
302.657.4956
302.657.4901 fax

Counsel for Defendants Randstad
North America, L.P. and "Woman
of India nationality"

Dated: June 23, 2005

## **TABLE OF CONTENTS**

**PAGE**

NATURE AND STAGE OF THE PROCEEDINGS ..................................................................1

SUMMARY OF ARGUMENT ..................................................................................................2

STATEMENT OF FACTS .........................................................................................................3

ARGUMENT...............................................................................................................................4

       A.      Standard of Review..............................................................................................4

       B.      Plaintiff Has Failed to State a Claim Against Randstad and "Woman of India nationality" Upon Which Relief May be Granted ..........................................4

       C.      Title VII Does Not Provide For Individual Liability For The Unnamed "Woman of India Nationality"..................................................................................5

       D.      Plaintiff Failed to Exhaust Her Administrative Remedies.......................................5

CONCLUSION............................................................................................................................6

# TABLE OF AUTHORITIES

**FEDERAL CASES**

*Corley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99 (1957).................................................................4

*Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts, Inc.*, 140 F.3d 478 (3d Cir. 1998) ................................................................................................................................4

*Sheridan v. E.I. DuPont de Nemours and Co.*, 100 F.3d 1061 (3d Cir. 1996) .......................5

**STATUTES**

42 U.S.C. § 2000e-5....................................................................................................................5

42 U.S.C. § 2000e(a)...................................................................................................................5

## NATURE AND STAGE OF THE PROCEEDINGS

Plaintiff filed her Complaint on April 28, 2005. Defendants Randstad North America, L.P., incorrectly identified in the Complaint as Randstad Staffing Services, and "Woman of India nationality" (collectively "Defendants"), filed their Motion to Dismiss (the "Motion") on June 23, 2005. This is Defendants' Opening Brief in support of their Motion.

## SUMMARY OF ARGUMENT

In Plaintiff's Complaint, she alleges discrimination (race, color, national origin and gender) by JPMorgan Chase Bank, retaliation by JPMorgan Chase Bank, and subjection to a hostile work environment at JPMorgan Chase Bank, in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"). See Complaint at ¶¶ 4-5, 10. While Plaintiff makes no allegations against Randstad or against "Woman of India nationality," both are named as defendants in the style of the case, and Randstad is named as a defendant in Paragraph three (3). Id. at ¶ 3. Because Randstad was not Plaintiff's employer, because Title VII does not provide for individual liability, and because Plaintiff has made no allegations against Randstad or "Woman of India nationality," these two defendants must be dismissed from this action, with prejudice.

## STATEMENT OF FACTS

Plaintiff's Complaint is brought under Title VII of the Civil Rights Act of 1964. The Complaint contains no factual allegations against Defendants.[1] Specifically, the Complaint does not allege that either of the Defendants was Plaintiff's employer. The only mention of either of the Defendants in the body of the Complaint is to name "Randstad Staffing" as "Defendant # 4."

---

[1] In her Complaint, Plaintiff makes no substantive allegations against either Randstad or "Woman of India nationality." Indeed, while "Woman of India nationality" is listed in the caption of Plaintiff's Complaint, she is not listed as a Defendant in the body of the Complaint. See Complaint at ¶ 3. For purposes of this Motion, Defendants will assume that Plaintiff has attempted to name as a defendant, a temporary employee (of Indian national origin) whom Randstad placed at the JPMorgan Chase Bank location in Newark, Delaware.

3

## ARGUMENT

A.    Standard of Review

The purpose of a Motion to Dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is to test the legal sufficiency of a complaint. Corley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 102 (1957). Although the Court must take the complaint's allegations as true when reviewing a motion to dismiss, it is not permitted to read into the complaint facts which are not there. See Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts, Inc., 140 F.3d 478, 483 (3d Cir. 1998). In this case, Plaintiff's Complaint fails to allege any facts against these Defendants sufficient to meet the requirements of a Title VII action. Consequently, Randstad and "Woman of India nationality" should be dismissed from this action.

B.    Plaintiff Has Failed to State a Claim Against Randstad and "Woman of India nationality" Upon Which Relief May be Granted

In Paragraph 4 of Plaintiff's Complaint, Plaintiff alleges that "discriminatory conduct occurred in connection with [her] employment at, or application to be employed at defendant's place of business JP Morgan Chase Bank One (Defendant's Name)." See Complaint at ¶ 4. Plaintiff makes no allegation that she was ever employed by Randstad or by the "Woman of India nationality," and indeed Plaintiff was not employed by Randstad. Randstad provides temporary workers at JPMorgan Chase Bank's Newark, Delaware location, but was not responsible for Plaintiff's placement there, nor is their any allegation of such. Furthermore, while it is unclear who exactly the "Woman of India nationality" is, she should be dismissed from this action because the Complaint does not allege that she was Plaintiff's employer.

4

Title VII generally provides for liability against covered employers. See 42 U.S.C. § 2000e(a). Because Plaintiff did not allege that either Randstad or the "Woman of India nationality" were her employer, these Defendants should be dismissed from this action.

C.  Title VII Does Not Provide For Individual Liability For The Unnamed "Woman of India Nationality"

Even assuming that the "Woman of India nationality" is an employee of Randstad (an allegation Randstad denies because it cannot identify this individual and because it does not employ individuals at JPMorgan Chase Bank's Newark, Delaware location), Plaintiff's claims should be dismissed as to this woman because Title VII does not provide for individual liability. Sheridan v. E.I. DuPont de Nemours and Co., 100 F.3d 1061, 1078 (3d Cir. 1996). Because she is named as an individual, Plaintiff's Complaint must be dismissed with prejudice as to the "Woman of India nationality."

D.  Plaintiff Failed to Exhaust Her Administrative Remedies

Section 706 of Title VII sets forth the prerequisites to a plaintiff's filing a discrimination lawsuit in federal court. In pertinent part, it requires a timely EEOC charge, service of notice of that charge upon the respondent(s), an EEOC investigation, unsuccessful conciliation, and a determination of reasonable cause. See 42 U.S.C. § 2000e-5. Plaintiff attached to her Complaint her unsigned "Charge[s] of Discrimination" filed with the Delaware Department of Labor and her "Right to Sue" letter from the EEOC. From these documents, it is evident that Plaintiff filed Charges of Discrimination against: Integrity Staffing, JP Morgan/Integrity Staffing, and Ernst & Young/Integrity Staffing. From her Right to Sue letter, it appears that Plaintiff was issued the right to sue "JP Morgan." Because Plaintiff has not alleged that she exhausted her administrative remedies by filing a Charge of Discrimination against Randstad or the "Woman of India

nationality," and because she has failed to allege or show that the EEOC or the Delaware Department of Labor has issued her a Right to Sue letter as to Randstad or the "Woman of India nationality," these Defendants should be dismissed from this action.[2]

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court grant their Motion to Dismiss.

DUANE MORRIS LLP

/s/ John H. Newcomer, Jr.
John H. Newcomer, Jr. (I.D. No. 2323)
1100 North Market Street, Suite 1200
Wilmington, DE 19801-1246
302.657.4956
302.657.4901 fax

Counsel for Defendants Randstad
North America, L.P. and "Woman
of India nationality"

Dated: June 23, 2005

---

[2] Although Defendants believe that they should be dismissed from this action pursuant to Fed. R. Civ. P. 12(b)(6) for the reasons set forth above, there is also grounds to dismiss them under Fed. R. Civ. P. 12(b)(5). Pursuant to the United States Marshall Service return of process filed with this Court on June 3, 2005, Plaintiff served "Randstad Staffing" with a summons and complaint at 111 Continental Drive, Suite 201, Newark, DE 19713. See Docket at 11. Notwithstanding that "Randstad Staffing Services" (as opposed to "Randstad Staffing," the party named on the return of service, or "Randstad North America, L.P.," Defendant's proper name) is the named defendant in this action, Plaintiff failed to effect service of process pursuant to Fed. R. Civ. P. 4(h). Specifically, Plaintiff did not serve "an officer, a managing or general agent, or ... any other agent authorized by appointment or by law to receive service of process." As evidenced by the return of service, Plaintiff served Mike Brewster, an individual who is not an agent or officer of Randstad. As such, he is not authorized to receive service of process on behalf of Randstad, and Plaintiff's Complaint must be dismissed as to Defendant Randstad. It is also noteworthy that the Docket in this case does not contain a United States Marshall Service return of process for "Woman of India nationality." For this reason, Plaintiff's Complaint should be dismissed as to "Woman of India nationality," as well.