IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ASHLEY T. ADAMS, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>INTEGRITY STAFFING )<br>aka PEPPER HAMILTON, LLP )<br>DAWN HARPER, et al., )<br>)<br>JP MORGAN CHASE BANK ONE, )<br>CHERYL DENNENY, et al., )<br>)<br>Defendants. ) | Civil Action No. 05-249-KAJ |

## MEMORANDUM ORDER

### I.   INTRODUCTION

Before me are two motions to dismiss for failure to state a claim, one filed by defendant Cheryl Denneny ("Denneny"), an employee of JPMorgan Chase Bank ("Chase Bank") (Docket Item ["D.I."] 7), and the other one filed by Dawn Harper-Smith ("Harper-Smith"), an employee of Integrity Staffing Solutions ("Integrity Staffing") (D.I. 15). The pro se Complaint filed by Ashley T. Adams ("Adams") alleges the defendants, including Harper-Smith and Denneny, discriminated and retaliated against her because of her sex and race in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2; 42 U.S.C. § 2000e-3(a). (D.I. 2.) Jurisdiction is appropriate under 28 U.S.C. §1331. For the reasons that follow, I will grant both Harper-Smith's and Denneny's motions to dismiss and will provide Adams an opportunity to amend her complaint consistent with this opinion.

## II.  BACKGROUND[1]

The events that gave rise to this complaint allegedly occurred between May 2003, and November 13, 2003. (D.I. 2.) Adams is a white, female accountant who claims that, while on a temporary work assignment, she experienced continual harassment from her co-workers. (D.I. 2.) The adverse treatment by her co-workers was allegedly in the form of racist, sexist, and retaliatory conduct. (D.I. 2.)

Harper-Smith is a hiring manager for Integrity Staffing[2] who placed Adams with Chase Bank on a long term contract temporary-to-hire basis. (D.I. 38 at ¶ 5.) Denneny is an employee of Chase Bank and was a direct supervisor of Adams during Adams's temporary work assignment.[3] (D.I. 39 at ¶ 5.) Adams asserts that she complained to Harper-Smith on a number of occasions that she was being harassed by her co-workers, and that, although she was assigned to another department after her initial complaint, later complaints went unanswered. (D.I. 2). Adams alleges that she was terminated from her employment on November 13, 2003, without reason. (D.I. 2.)

---

[1] The following rendition of background information does not constitute findings of fact and is cast in the light most favorable to the plaintiff.

[2] Defendant Pepper Hamilton, LLP argues, and Adams concedes, that naming Pepper Hamilton LLP was the result of inartful pleading on Adams's part. Adams states that she believed that Pepper Hamilton, LLP was an alias for Integrity Staffing, but was "later informed that Pepper Hamilton LLP is the law firm representing Integrity Staffing, and should be removed from the caption." (D.I. 38 at ¶ 2.) Thus, because both Adams and Pepper Hamilton have asked me to strike Pepper Hamilton as a Defendant, all claims against Pepper Hamilton will be dismissed.

[3] Denneny's name is mentioned in the caption on the Complaint, but not in the body.

### III.  STANDARD OF REVIEW

In analyzing a motion to dismiss pursuant to Rule 12(b)(6), the court must accept as true all material allegations of the complaint and it must construe the complaint in favor of the plaintiff. *See Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts, Inc.*, 140 F.3d 478, 483 (3d Cir. 1998). "A complaint should be dismissed only if, after accepting as true all of the facts alleged in the complaint, and drawing all reasonable inferences in the plaintiff's favor, no relief could be granted under any set of facts consistent with the allegations of the complaint." *Id.* The moving party has the burden of persuasion. *See Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991).

### IV.  DISCUSSION

Individual employees may not be held liable for discrimination under Title VII. *See Sheridan v. E.I. DuPont de Nemours and Co*, 100 F.3d 1061,1077-78 (3d Cir. 1996) ("we are persuaded that Congress did not intend to hold individual employees liable under Title VII"); *see also Kachmar v. Sungard Data Systems, Inc.*, 109 F.3d 173, 184 (3d Cir. 1997) (same). Thus, because Adams has only made allegations under Title VII, she has not set forth a cognizable claim against Harper-Smith or Denneny.

Adams, however, argues that she has a viable claim for liability of individual employees. In support of her position, Adams cites *Al-Khazraji v. Saint Francis College*, 784 F.2d 505, 518 (3d Cir. 1986), which states, "if individuals are personally involved in the discrimination ... and if they personally caused the [infringement of] ... Section 1981 rights, or if they authorized, directed, or participated in the alleged

3

discriminatory conduct, they may be held liable." However, *Al-Khazraji* addressed the issue of whether individuals may be liable under 42 U.S.C. § 1981, not Title VII, *Al-Khazraji*, 748 F.2d at 518, and thus that precedent is not applicable to the Title VII claims alleged here. Therefore, Harper-Smith's and Denneny's motions to dismiss for failure to state a claim will be granted. If Adams wishes to amend her complaint to bring a claim under 42 U.S.C. § 1981, she may do so within thirty days of the date of this order.[4]

## V.  CONCLUSION

Accordingly, IT IS HEREBY ORDERED that Harper-Smith's Motion to Dismiss (D.I. 15), and Denneny's Motion to Dismiss (D.I. 7), are GRANTED, and all claims against Pepper Hamilton, LLP are dismissed. It is further ORDERED that Adams is granted leave to amend her complaint within 30 days.

_____
UNITED STATES DISTRICT JUDGE

February 10, 2006
Wilmington, Delaware

---

[4] However, Adams may not bring a claim for gender discrimination under 42 U.S.C. § 1981. *See Anjelino v. New York Times Co.*, 200 F.3d 63, 97-98 (3d Cir. 1999) (finding that 42 U.S.C. § 1981 "on its face, is limited to issues of racial discrimination in the making and enforcing of contracts, ... sex-based claims are not cognizable under 42 U.S.C. § 1981."). Adams may, however, bring a claim of racial discrimination under § 1981. *See McDonald v. Santa Fe Trail Transp. Co.*, 427 U.S. 273, 286-87 (1976) (holding that "our examination of the language and history of § 1981 convinces us that § 1981 is applicable to racial discrimination in private employment against white persons."). Whether such a claim has any merit in this case is, of course, something on which I express no opinion at this point.

4